UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                        CASE NO.: 8:09-cv-2159-T-23TBM

WILHELMINA LONGBOAT, JOHN
MICHAEL HILL, and CHRIS HILL,

    Defendants.
_____/

## ORDER

The defendant Wilhelmina Longboat, as personal representative of the Estate of Charles Longboat (the "decedent"), moves (Doc. 39) to stay this interpleader action pending the resolution of the criminal prosecution of John Hill, the primary beneficiary of a life insurance policy issued to the decedent.  In support of a stay, Longboat argues (1) that John Hill's conviction in state court will eliminate Longboat's burden of proving that John Hill unlawfully and intentionally killed the decedent; (2) that Longboat anticipates John Hill's invoking his Fifth Amendment right in response to discovery in this action; (3) that requiring Longboat to attend mediation in this action (set for December 15, 2010, at the Pinellas County Jail) amounts to an "undue burden" on Longboat; and (4) that a stay in this action will prejudice no party.  The defendant Chris Kraft-Hill, John Hill's son and contingent beneficiary, responds (Doc. 41) in opposition and argues (1) that a conviction would eliminate only one aspect of this action; (2) that a stay pending conviction would amount to an "indefinite" stay, because the state criminal

matter lacks a definite trial date and "there is no certainty as to when this case will ever end"; (3) that John Hill's asserting a Fifth Amendment right fails to warrant a stay; (4) that Longboat fails to properly object to mediation; (5) that Kraft-Hill would sustain prejudice as a result of the stay; and (6) that Longboat waived the right to seek a stay in this action. Additionally, Kraft-Hill identifies several purported omissions and misstatements in Longboat's motion and requests as a sanction an award of attorney's fees. John Hill also responds (Doc. 42) in opposition to a stay.

Section 732.802, Florida Statutes, precludes a person who "unlawfully and intentionally kills or participates in procuring the death of the decedent" from obtaining a benefit under the decedent's will or under the Florida Probate Code. Thus, "the estate of the decedent passes as if the killer had pre[-]deceased the decedent." Under Section 732.802, "a final judgment of conviction of murder in any degree is conclusive" proof of an unlawful and intentional killing, but "[i]n the absence of a conviction . . . the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional . . . ." Therefore, although a conviction satisfies the plaintiff's burden of proof under Section 732.802, a plaintiff need not await a conviction in order to prove the application of Section 732.802.

The stay of a civil action pending resolution of a related criminal action depends upon the presence of "special circumstances" that require a stay "in the interests of justice." United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994). "[T]he blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." S.E.C. v. Wright, 261 Fed. App'x 259, 263

(11th Cir. 2008). Furthermore, a beneficiary's asserting the Fifth Amendment privilege in response to discovery may result in an adverse inference against the beneficiary and, therefore, provides only tenuous support for a stay. See <u>United States v. A Single Family Residence & Real Property Located at 900 Rio Vista Blvd</u>, 803 F.2d 625, 629 n.4 (11th Cir. 1986) (citing <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 318 (1976) and noting that the "prevailing rule is that Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.")).

Lastly, Longboat's assertion as to the inconvenience and burden of attending mediation is unpersuasive. Each party (whether <u>pro se</u> or represented by counsel) bears the cost of litigation. Court-ordered mediation is the most effective method—short of a privately negotiated settlement—of reducing a party's legal expenses and expediting the conclusion of litigation.

## Conclusion

Accordingly, Longboat's motion to stay (Doc. 39) is **DENIED**. To the extent that Kraft-Hill requests in the opposition memorandum an award of attorney's fees as a sanction, the request (Doc. 41) is **DENIED**.

ORDERED in Tampa, Florida, on November 29, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE