UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                           CASE NO.: 8:09-cv-2159-T-23TBM

WILHELMINA LONGBOAT, JOHN
MICHAEL HILL, and CHRIS HILL,

    Defendants.
_____/

**ORDER**

Wilhelmina Longboat moves (Docs. 68, 74) (1) for substitution of Longboat for Christopher Hill in accord with an assignment of Christopher Hill's rights as a contingent beneficiary and (2) for leave to amend her response to the interpleader to add a cross-claim. John Michael Hill opposes each motion. In accord with Rule 25(c), Federal Rules of Civil Procedure,[1] the motion (Doc. 74) is **GRANTED**, and Wilhelmina Longboat is **SUBSTITUTED** for Christopher Hill.

Furthermore, the parties have diligently mediated this action since December, 2010,[2] and a March 18, 2011, order (Doc. 72) extended the discovery deadline to April 29, 2011. Because John Michael Hill demonstrates neither undue delay nor prejudice in

---

[1] Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Each party must receive service of the motion in accord with Rule 5.

[2] The mediator reports (Doc. 73) that the parties disagree as to whether the parties reached a settlement.

Longboat's seeking leave to amend, the motion (Doc. 68) is **GRANTED** in accord with Rule 15(a), Federal Rules of Civil Procedure.[3]  To the extent that Longboat seeks to assert a cross-claim against John Michael Hill, Longboat may file an amended pleading no later than **March 30, 2011**.

ORDERED in Tampa, Florida, on March 25, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Rule 15(a) states that a court "should freely give leave [to amend] when justice so requires." A motion for leave to amend merits denial if (1) the requesting party engaged in "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed;" (2) the opposing party suffers "undue prejudice;" or (3) the amendment is futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The decision to grant leave under Rule 15(a) is discretionary. Hargett v. Valley Federal Sav. Bank, 60 F.3d 754, 760 (11th Cir. 1995).