UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                            CASE NO.: 8:09-cv-2159-T-23TBM

WILHELMINA LONGBOAT, et al.,

    Defendants.
_____/

**ORDER**

Wilhelmina Longboat is the mother of Charles Longboat and the personal representative of the estate of Charles, whose life insurance policy named John Michael Hill as the primary beneficiary and named Hill's son as the contingent beneficiary. A jury in a Florida state court convicted Hill of the murder of Charles, and Hill's son assigned his rights under the policy to Wilhelmina, who moves (Doc. 133) to collect the $300,000 benefit, which is in the court registry. Hill objects (Doc. 147) and argues that he is not guilty of Hill's murder.

Section 732.802(3), Florida Statutes, states, "A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or

other contractual arrangement . . . ." In a twenty-one page[*] response to Wilhelmina's motion, Hill argues that he is not guilty by reason of insanity and says "abundant factual evidence of insanity . . . exists." (Doc. 147 at 3) However, Hill's argument is precluded by Section 732.802(5), which states, "A final judgment of conviction of murder in any degree is conclusive for purposes of this section."

Wilhelmina's motion (Doc. 133) is **GRANTED IN PART**. The clerk (1) will re-open the case, (2) will enter judgment in favor of Wilhelmina Longboat, (3) will disburse to the trust account of Lisa A. Hoppe, P.A., 5999 Central Avenue, Suite 200, St. Petersburg, FL 33710, the $300,000 in the court registry plus any interest, and (4) will close the case. Under 28 U.S.C. 1367, supplemental jurisdiction over Wilhelmina's counterclaims for wrongful death is **DECLINED**.

ORDERED in Tampa, Florida, on July 11, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*]In a transparent attempt to evade Local Rule 3.01(b), which limits a response to twenty pages, Hill's response contains pages "19(A)" and "19(B)" and concludes on page "20."